```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      . CRIMINAL NO. 16-10179-IT
                              .
     V.                       . BOSTON, MASSACHUSETTS
                              . JUNE 21, 2016
ALEX HERNANDEZ                .
     Defendant                .
. . . . . . . . . . . . . . . .

                     TRANSCRIPT OF ARRAIGNMENT
              BEFORE THE HONORABLE JENNIFER C. BOAL
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

UNITED STATES ATTORNEY'S OFFICE
Jordi deLlano, Esq.
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3155
jordi.de.llano.campos@usdoj.gov

FEDERAL PUBLIC DEFENDER'S OFFICE
Miriam Conrad, Esq.
51 Sleeper Street, Fifth Floor
Boston, MA 02210
617-223-8061
miriam_conrad@fd.org




Court Reporter:

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.




                         MARYANN V. YOUNG
                     Certified Court Transcriber
                       Wrentham, MA  02093
                          (508) 384-2003
```

1  (Case called into session)

2  (11:23:44 AM)

3           THE CLERK:  United States District Court for the
4  District of Massachusetts is now in session.  The
5  Honorable Jennifer C. Boal presiding.  You may be seated.
6  Today is June 21, 2016.  We're on the record in the matter
7  of the United States v. Alex Hernandez, Case No. 16-cr-
8  10179.

9           Will counsel please identify themselves for the
10 record?

11          MR. DELLANO:  Good morning, Your Honor, Jordi
12 deLlano on behalf of the United States.

13          MS. CONRAD:  Good morning, Your Honor, Miriam
14 Conrad for Mr. Hernandez.

15          THE COURT:  Good morning.  Mr. deLlano could you
16 please state the maximum potential penalties.

17          MR. DELLANO:  Maximum potential penalties for
18 the charged offense are a period of imprisonment of five
19 years, $250,000 fine, a period of supervised release of
20 three years and a mandatory $100 special assessment.

21          THE COURT:  Mr. Hernandez, if you could please
22 stand?  Have you had the opportunity to review the
23 indictment with your attorney?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you understand generally the

1 charges that are pending against you?

2     THE DEFENDANT:  Yes.

3     THE COURT:  Are you prepared to enter a plea
4 today?

5     THE DEFENDANT:  Yes.

6     THE COURT:  Do you waive the reading of the
7 indictment out loud?

8     THE DEFENDANT:  Yes.

9     THE COURT:  Mr. York, if you could please take
10 Mr. Hernandez' plea.

11     THE CLERK:  Mr. Hernandez, as to Count 1 of the
12 indictment, charging you with threats against the
13 President, a violation of Title 18, U.S.C. Section 871(a),
14 how do you plead, guilty or not guilty?

15     THE DEFENDANT:  Not guilty.

16     THE CLERK:  Thank you.  You may be seated.

17     THE COURT:  Ms. Conrad, do you wish to receive
18 automatic discovery?

19     MS. CONRAD:  I do, Your Honor.

20     THE COURT:  And Mr. deLlano, how long will it
21 take the government to produce automatic discovery?

22     MS. DELLANO:  Your Honor, I'd ask for the full
23 28 days, July 19, 2016, just because there's a fair
24 amount.  I put on the record that I'll make all efforts to
25 get it to Ms. Conrad in advance of that.

4

1       MS. CONRAD: Thank you.

2       THE COURT: So, Mr. York, would you please
3  schedule in initial status conference for six weeks out?

4       THE COURT: The Court's available on the morning
5  of August 2nd. That's a Tuesday at 11 a.m.

6       MR. DELLANO: That should be fine, Your Honor.

7       MS. CONRAD: That's fine. Thank you.

8       THE COURT: And Ms. Conrad, does your client
9  agree to with excluding the time until that I, I know we
10 have, we have both the Title 18 Speedy Trial Act and then
11 the Interstate Agreement on Detainers, Speedy Trial Act.

12      MS. CONRAD: So, you know, I'm sorry. I did not
13 address that with him. I would be inclined to exclude it
14 under the Speedy Trial Act but not under the IAD.

15      THE COURT: Do you want a moment or--

16      MS. CONRAD: I'm sorry?

17      THE COURT: Are you agreeing to that or do you
18 need to talk to your client?

19      MS. CONRAD: Let me talk to my client for a
20 second.

21      THE COURT: Okay.

22      MS. CONRAD: I apologize, Your Honor.

23      THE COURT: That's all right.

24 PAUSE

25      MS. CONRAD: You know, Your Honor, I'm sorry but

5

1  the, perhaps I could confer with Mr. deLlano and we could
2  either submit something in writing after the fact.  I
3  just, you know, I'm familiar with certainly this Court's
4  rules and about the Speedy Trial Act but an exclusion for
5  production of discovery, I'm not sure is a valid exclusion
6  under the IAD.
7           MR. DELLANO:  Your Honor, in that case I, I'll
8  have the discovery ready by the first and ask that we move
9  up the initial status conference as soon as possible after
10 that?
11          THE COURT:  So, Mr. York, what do we have?
12          THE CLERK:  The Court is available on July 21st,
13 that's a Thursday at 11 a.m.
14          THE COURT:  Thank you.
15          MR. DELLANO:  I'll just point out, Your Honor,
16 that it puts us in a disadvantaged position as a result.
17          THE COURT:  Yes, I think you need it even
18 sooner.
19          MR. DELLANO:  Yes.
20          THE COURT:  How about the 14th?
21          THE CLERK:  The Court could be available on the
22 12th at 11 a.m.
23          MR. DELLANO:  That's fine, Your Honor.
24          MS. CONRAD:  I'm sorry.  Let me just check.
25 That's fine.

6

1     THE COURT: So there's one issue with respect
2 to excluding the time and then also with respect to
3 detention, and I know the parties had filed in response to
4 my request I appreciated a joint response. So I
5 understand in terms of the *United States v. King* that we
6 delay a detention hearing and that makes sense. One of
7 the points I'm a little bit stuck on is technically my
8 order telling the marshals where they are to house Mr.
9 Hernandez, and my understanding is that Ms. Conrad wants
10 him to remain in federal custody, but I guess I'm looking
11 at the Speedy Trial Act. It looks like I should probably
12 use the term temporary custody rather than, I would
13 usually say remanded to the custody of the United States
14 Marshal Service. Does that make sense to you, Mr.
15 deLlano?
16     MR. DELLANO: I think that makes perfect sense.
17 By, by failing, by not waiving his rights including his
18 anti-shuttling rights--
19     THE COURT: He's supposed to stay here.
20     MR. DELLANO: --then he stays in temporary
21   custody.
22     MS. CONRAD: And I think that's appropriate.
23 Also, Your Honor, I might suggest respectfully, a
24 reference to by virtue of the Interstate Agreement on
25 Detainers--

1       THE COURT: Okay.

2       MS. CONRAD: --so it's clear that he is still
3  serving a state sentence, he's just being lodged
4  temporarily for the pendency of this case.

5       THE COURT: Okay, and then my other question
6  because I need to talk to Judge Talwani and let her know
7  that this case would potentially be tried sooner than in
8  the normal course, and that they look at the Interstate
9  Agreement on Detainers and I am the first to admit I have
10 never found it an easy statute to read and understand, it
11 looks as if there are two ways that the defendant could
12 come to, well at least in this case under, to federal
13 court and invoke the Interstate Agreement on Detainers or
14 this statute is invoked. There is Article 3 where it
15 looks like the prisoner himself is in another custody, in
16 this case it would be state custody and asks to come to
17 federal court to answer on the charges and then Article 4
18 where the government writes the defendant into federal
19 court. My, at least reading of the statutes in this
20 situation here would suggest that he falls under Article 4
21 and why that's material in terms of the trial, it looks as
22 if under Article 3 it's 180 days and Article 4 is 120
23 days.

24      MR. DELLANO: It's my understanding of it as
25 well, Your Honor.

8

1  THE COURT:  So your understanding is that he's
2  entitled to a trial within 120 days of whatever the
3  triggering mechanism is?
4  MR. DELLANO:  That's correct, Your Honor.
5  MS. CONRAD:  I'm sorry.  If it's Article 4, then
6  I thought that it was 180 days?
7  MR. DELLANO:  I thought it was 180 days when the
8  defendant is in the other jurisdiction and elects on his
9  own to come.  Maybe we should--
10  MS. CONRAD:  No, I thought it was the other way
11  around.
12  MR. DELLANO:  --maybe we should--
13  MS. CONRAD:  I don't know.  Maybe I'm--
14  THE COURT:  I have it right in front of me and
15  of course I do not un--
16  MS. CONRAD:  All right, well I'm going from
17  memory so I defer.
18  THE COURT:  Okay.  Okay, so Article 3 says he
19  shall be brought to trial within 180 days--
20  MS. CONRAD:  Okay.
21  THE COURT:  --after he shall have cause to be
22  delivered to the--
23  MS. CONRAD:  I just mixed up the provisions.  In
24  that case I agree its Article 4 certainly and then it
25  would be 120 days.

1       THE COURT:  Okay, all right and so I'll make
2  Judge Talwani aware of that as well.
3       MS. CONRAD:  And is that, Your Honor, is that
4  120 days from coming into federal custody or 120 days from
5  indictment?  I can look at that on my own.
6       THE COURT:  Yeah.
7       MS. CONRAD:  It just occurred to me that--
8       THE COURT:  Here it is.  So in respect of any
9  proceeding made possible by this article, trial shall be
10 commenced within 120 days of the arrival of the prisoner
11 in the receiving state.  So it sounds like from the
12 initial appearance.
13      MS. CONRAD:  Right, thank you.
14      THE COURT:  All right.  All right, anything
15 else, Mr. deLlano?
16      MR. DELLANO:  Nothing further from the
17 government.
18      THE COURT:  And Ms. Conrad?
19      MS. CONRAD:  Thank you, nothing.
20      THE COURT:  All right.
21      MR. DELLANO:  Thank you.
22 (Court adjourned)
23 (11:34:27 AM)
24
25

CERTIFICATION

I, Maryann V. Young, court approved transcriber, certify that the foregoing is a correct transcript from the official digital sound recording of the proceedings in the above-entitled matter.

/s/ Maryann V. Young                    July 11, 2016

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**(508) 384-2003**